CITY OF DALLAS V. RUBY ANDREWS ET AL.

No. A-2911. Decided January 31, 1951.
Rehearing overruled March 7, 1951.
(236 S. W., 2d Series, 609.)

610

*H. P. Kucera, Jon H. Shurett,* and *H. Louis Nichols,* all of Dallas, for petitioners.

The Court of Civil Appeals erred in holding that the judge of the trial court abused his discretion in sustaining an objection made to the argument of defendants' counsel charging the city with fraud in zoning defendants' property, when such argument was not supported by the pleadings or the evidence, but was prejudicial, inflammatory, and not a logical inference to be drawn from the evidence. Texas & Pac. Ry. Co. v. Garcia, 62 Texas 285; Belt v. Texas Co., 204 S. W. 2d 653; Nimitz v. Holland, 217 S. W. 244.

*J. Lee Zumwalt,* of Dallas, for respondents.

MR. JUSTICE SHARP delivered the opinion of the Court.

This is a condemnation suit, brought by the City of Dallas to condemn 1.8 acres of land out of a tract containing 4.5 acres, owned by Ruby Andrews and others. The City of Dallas was awarded the land for the sum of $273.00. Respondents appealed to the Court of Civil Appeals, and that court, on motion for rehearing, held that the trial court erred in its ruling relating to the argument made by the attorney for respondents to the jury, and by a divided court reversed and remanded the cause for another trial. 232 S. W. 2d 753.

The main question involved in this suit relates to the action of the trial court in refusing to permit counsel for respondents to argue that the City of Dallas acted frauduently in zoning for residential purposes the land involved.

Petitioner contends that the Court of Civil Appeals erred in holding that the trial judge abused his discretion in sustaining the objection of petitioner to the argument of counsel for respondents charging the City of Dallas with fraud in zoning the property of respondents, where such argument was not supported by the pleadings or the evidence, and was prejudicial and inflammatory, and did not relate to any issue submitted to the jury; and where no statement of facts was filed in the Court of Civil Appeals by respondents.

The trial court submitted to the jury the definition of "market value" and Special Issue No. 1, as follows:

"MARKET VALUE means the price the property would bring when offered for sale by one who desires to sell but is not obliged to sell, and is bought by one who desires to buy but is under no necessity to buy.

"SPECIAL ISSUE No. 1:

"From a preponderance of the evidence what do you find was the market value of the strip of land condemned by the City of Dallas for storm sewer purposes at the time it was condemned, considered as severed land?

"Answer in dollars and cents.

"ANSWER: $273.00."

Respondents made no objection to the above-mentioned matters submitted by the trial court.

No statement of facts accompanies this record, and the error complained of by respondents is brought here by a bill of exceptions. For the purpose of this opinion it will be assumed that the bill of exceptions contains sufficient facts to authorize this Court to pass upon the questions presented. By the bill of exceptions it is shown that respondents were given the right to open and close the argument to the jury. After respondents had made their opening argument, counsel for petitioner in his argument to the jury contended that since the City had zoned this property for residential purposes, only residential value could be considered by the jury in fixing the value

of the land sought to be condemned. *Respondents made no objection to this statement.*

In passing on the bill of exceptions the trial court qualified the same as follows: "During the course of the closing argument by the defendant (the defendant having the right to open and close) made a statement to the jury in substance as follows: 'The City of Dallas, by the use of its zoning ordinance, is attempting to perpetrate a fraud upon the defendants by this zoning property for residence purposes and thereby decreasing its value,' to which statement counsel for the plaintiff in open court objected upon the grounds that there were no pleadings or evidence of fraud by the City; that the argument was prejudicial, inflammatory and was not a logical inference or conclusion to be drawn from the evidence, and requested the court to instruct the jury not to consider the same. The court sustained the objection made by the plaintiff and instructed the jury not to consider the remarks of counsel for the defendant in regard to the use of the zoning ordinance by the City of Dallas to perpetrate a fraud upon the defendants, to which action of the court the defendant excepted."

■ Respondents did not bring up a statement of facts, and rely solely on the facts contained in the bill of exceptions. It does not contain any evidence that the City of Dallas, or its officers, acted fraudulently in zoning for residential purposes the property involved in this suit, and there is neither pleading nor evidence in this record to support such charge. In the absence of pleadings and evidence, that fact will not be assumed on appeal. The burden rests upon the party charging fraud to prove it. Dallas Joint Stock Land Bank v. Harrison, 138 Texas 84, 156 S. W. 2d 963; 20 Tex. Jur., p. 153, sec. 105; 5 Tex. Jur. Sup., p. 168, sec. 105; 24 Amer. Jur., p. 86 et seq., sec. 255 et seq.

The trial court sustained the objection that such an argument was not a logical inference to be drawn from the facts. This must be accepted as true, since there was no bystander's bill of exceptions prepared, and no statement of facts presented, to show otherwise.

The only basis for sustaining the statements made by counsel for respondents rests upon the ground that he was answering the argument of petitioner to the effect that only residential value should be considered in fixing the value of the 1.8 acres. It is true that that statement conflicted with the standard of value expressed in the court's charge copied above. Counsel for

respondents made no objection, either to the statement made in the argument for petitioner, or to the charge of the court defining "market value." Counsel for respondents did not argue that the statement made by counsel for petitioner as to the value of the land contradicted the standard expressed in the charge. He argued that petitioner was guilty of fraud. The trial court did not consider such argument proper, and sustained the objections to that part of the argument charging the City of Dallas with fraud.

■ Counsel for litigants have the right to argue the issues raised by the evidence and the pleadings. The duty rests upon the trial court to supervise the scope of the arguments of counsel, and to limit argument to the evidence and to the argument of opposing counsel. Willis & Bro. v. McNeill, 57 Texas 465; Ramirez v. Acker, 134 Texas 647, 138 S. W. 2d 1054. Rule 269, Texas Rules of Civil Procedure, requires that, "Counsel shall be required to confine the argument strictly to the evidence and to the arguments of opposing counsel." In this instance counsel did not point out the fallacy of the argument made by the attorney for petitioner as to the standard of value to be fixed in awarding damages, but replied, without pleadings or evidence to sustain the charge, that the City of Dallas was attempting to perpetrate a fraud upon respondents by zoning the property for residential purposes.

■ The term "fraud" is a harsh one, and is not to be used lightly when applied to the motives or conduct of others. If fraud is properly alleged and proved, it is permissible for counsel to argue that question to the jury.

The trial judge was clearly acting within his power and discretion in refusing to permit counsel for respondents to argue that the City of Dallas acted fraudulently in zoning the property in question for residential purposes. Therefore the judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.

Opinion delivered January 31, 1951.

Rehearing overruled March 7, 1951.