The TRAVELERS INSURANCE COMPANY,
Appellant,

v.

Chesley BROADNAX, Appellee.

No. 7471.

Court of Civil Appeals of Texas.
Texarkana.
Feb. 19, 1963.

Frank Finn, Jr., Thompson, Knight, Wright & Simmons, Dallas, William M. Huffman, Smith, Hall & Huffman, Marshall, for appellant.

Jones, Brian, Jones & Baldwin, Marshall, for appellee.

CHADICK, Chief Justice.

This is an appeal in a Workmen's Compensation Law case. Judgment awarding

compensation was entered by the trial court upon jury findings that the workman was injured and suffered total permanent disability. The judgment is affirmed.

The appellant's first point presents the proposition that the jury's answer to Special Issues 2, 4A, 4B, 5, 6, and 9 are against the great weight and preponderance of the evidence. Some of appellee's evidence is weak, even containing apparent contradictions, yet when the proof is considered in its entirety, it does not weigh or preponderate against the jury's verdict on these issues. The first point is overruled.

The summation to the jury was the setting for the argument, objections and rulings put in question by the appellant's second point. These occurrences and the record relevant to them are as follows:

(1) Plaintiff's counsel addressing the jury: "During this trial I waited for the defendant to raise a defense to Chesley's claim. I've never heard a case before like this one—when there wasn't any defense. Their own witness says just that he didn't see the accident happen—not that it didn't happen." Insurer's counsel from a place to the rear of the speaker raised his arm in a gesturing position, and the speaker continued: "That's right * * * (turning and gesturing toward insurer's counsel) throw up your hands. It hurts, doesn't it when you don't have a defense and there isn't any defense that has been raised by the defendant. None has been raised because they don't have any defense." No objection to the argument was lodged with the court;

(2) Insurer's counsel when addressing the jury had said: "I don't believe 'Big Boy.' I don't believe 'Big Boy' (Chesley Broadnax) hurt his knee on the hay bailer." Thereafter in what the trial judge construed to be a reply, the workman's counsel said: "What do they do? They jump on Chesley. This lawyer from Dallas (indicating insurer's counsel) comes in here representing this insurance company and comes very close to calling Chesley a fraud. He comes close, but he doesn't come right

out and call Chesley a fraud. This lawyer from Dallas (pointing to insurer's counsel) asks you to call Chesley Broadnax a fraud and says that Chesley's story isn't true. This lawyer comes in from Dallas (still referring to insurer's counsel) and asks you to do for him what he won't quite do himself—say that Chesley is a fraud." Appellant's counsel made an undisclosed objection to the argument, and commented: "I did not realize I did not have a right to come to Marshall to try a lawsuit." The trial judge replied, "You have a perfect right to come to Marshall to try a lawsuit anytime"; and forthwith instructed the jury not to consider the argument quoted for any purpose;

(3) The workman's counsel to the jury: "The defendant in this cause sent Chesley to Dr. Graves and had Dr. Graves examine him. Now don't you know that if Dr. Graves would say anything different from Dr. Anderson that they would have had him come in here and testify? They didn't call Dr. Graves. Don't you know that if Dr. Graves would say anything at all different from what Dr. Anderson said they would have brought him in?" Objection was first made to this argument in a mistrial motion filed by insurer after jury verdict. There is evidence in the record that the workman reported to Dr. Graves for medical examination at the request of the insurer.

The insurer complains that the argument set out in instance (1) above constituted personal criticism of its trial counsel of a nature so harmful as to require a reversal of the judgment. Ragsdale v. Ragsdale, 142 Tex. 476, 179 S.W.2d 291 (1944); Bell v. Bell, Tex.Civ.App., 248 S.W.2d 978, (N.R.E. 1952); Western Union Tel. Co. v. Wingate, 6 Tex.Civ.App. 394, 25 S.W. 439 (1894); Chicago R. I. & T. Ry. Co. v. Musick, 33 Tex.Civ.App. 177, 76 S.W. 219 (1903); Metropolitan St. Ry. Co. v. Roberts, Tex.Civ.App., 142 S.W. 44 (1911); "Trial Civil Cases", 41B, Tex.Jur. 253; Rule 269, Vernon's Ann.Texas Rules of

Civil Procedure, are cited in support of the insurer's contention. Implied or expressed personal criticism of opposing counsel is not jury argument. It is improper conduct and is specifically prohibited by Rule 269 (e). However, with the exception of criticism injecting racial, religious, social, political or like prejudice, the harm of the criticism may be removed by the trial court admonishing the jury to disregard it. Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054 (1940); Texas Standard Cotton Oil Co. v. Hanlan, 79 Tex. 678, 15 S.W. 703 (1891); Holder v. Martin, Tex.Civ.App., 131 S.W.2d 165 (1939); Rountree Motor Co. v. Smith Motor Co., Tex.Civ.App., 109 S.W.2d 296 (1939); Texas & New Orleans Railroad Company v. Jacks, Tex.Civ.App., 306 S.W. 2d 790, N.R.E. (1957); 3 (McDonald) "Texas Civil Practice" 1207, Sec. 13.12. The absence of objection to the argument when it was made adds to the difficulty this court finds in determining the argument's effect. The trial judge is in a much better position to assess the consequence of improper argument, because of the posture, tone and attitude of the persons involved and the circumstance and environment in which it occurred. This is not on its face one of the exceptional cases in which objection would emphasize the prejudicial statement, or where no instruction from the trial judge could remove the harm caused by improper remarks. Ramirez v. Acker, supra; Robbins v. Wynne, Tex.Com.App., 44 S.W.2d 946 (1932); and Texas Employers' Ins. Ass'n v. Haywood, 153 Tex. 242, 266 S.W.2d 856 (1954) discuss the nature of argument that is regarded as not curable by admonition from the presiding judge. The criticism employed in this argument would have yielded to an admonitory instruction had an objection been made. Failure to object constituted waiver. Texas & New Orleans Railroad Co. v. Sturgeon, 142 Tex. 222, 177 S.W.2d 264; Wade v. Texas Employers Ins. Ass'n, 150 Tex. 557, 244 S.W.2d 197.

■ The insurer insists that the argument shown in passage (2) is harmful in two respects, even though objection to the argument was sustained by the trial judge and the jury instructed not to consider it. Initially harm is said to flow from the thrice repeated statement that the insurer's counsel was a "lawyer from Dallas". The repetition of this phrase is supposed to have conjured up one or all of the genni of prejudice, contempt, hatred and resentment, and at the same time placed before the jury of an immaterial fact outside of the record. It has been held that referring to opposing counsel as a "Dallas lawyer", where such fact was known to the jury, was not prejudicial error. Hobbs v. Grant, 314 S.W.2d 351, N.R.E., (1958). See also Airline Motor Coaches, Inc., v. Bennett, Tex.Civ.App., 184 S.W.2d 524 (1945), reversed on other grounds, 144 Tex. 36, 187 S.W.2d 982; Zurich General Accident & Liability Ins. Co. v. Moss, Tex.Civ.App., 118 S.W.2d 410 (1938); Ramirez v. Acker, supra. Though the pronouncement informed the jury of something outside of the record, the trial judge promptly instructed the jury not to consider it. The instruction was sufficient under the circumstances to prevent the jury from making any use of this immaterial information. Likewise, at the same incantation any evil genii then at large would scurry away to dissolve into nothingness, according to the Sturgeon and Wade cases, as well as numerous others.

As for the second phase, the insurer's bill of exception does not disclose the basis of the objection interposed. In its brief the insurer argues that opposing counsel's assertion that the insurer was asking the jury to say by its answers that "Big Boy" was a fraud, constituted an unfair, inflammatory and prejudicial attack upon the insurer's prerogative of challenging the credibility of the workman's testimony. Southwestern Greyhound Lines, Inc., v. Dickson, 149 Tex. 599, 236 S.W.2d 115 (1951) is cited as presenting an analogous factual situation. The text of the opinion in City of Dallas v. Andrews, 149 Tex. 609, 236 S.W.2d 609 (1951) is referred to for the statement that, "The term 'fraud' is a harsh

one, and it is not to be used lightly when applied to the motives or conduct of others."

 Insurer's counsel bluntly advised the jury that he did not think the workman had received an injury; his purpose was to persuade the jury to find that the workman was uninjured. Such argument is calculated to provoke a retort in equally blunt language. The assertion by insurer's counsel that he did not believe the workman received an injury carried the positive inference that the suit was baseless and an effort to obtain money wrongfully. The workman's counsel reply is responsive only in a general sense, but not so inapt and inaccurrate as to be misleading to a jury of laymen, or unfair under the circumstances shown. Any error in the argument was curable. The trial judge's prompt instruction to the jury not to consider the argument rendered it harmless. Rameriz v. Acker supra.

The (3) passage of the argument is said to be improper and prejudicial because there was no evidence that Dr. Graves was available to testify, was within the jurisdiction of the court, under the control of the insurer, or possessed relevant knowledge of material facts. Somewhat similar factual situation was presented in Meyer v. Great American Indemnity Company, 154 Tex. 408, 279 S.W.2d 575, and the Supreme Court held that counsel was entitled to call the jury's attention to the fact that the examining doctor was not called to testify. See also Marek v. Southern Enterprises, Inc., of Texas, 128 Tex. 377, 99 S.W.2d 594; Traders & General Ins. Co. v. Carlisle, Tex. Civ.App., 162 S.W.2d 751; Gulf, Colorado and San Francisco Ry. Co. v. Bouchillon, Tex.Civ.App., 186 S.W.2d 1006. The absence of an objection at the time the argument was made waives any impropriety it contained.

The insurer finally argues that each instance complained of, if not so harmful as to require a reversal, when considered together had the cumulative effect of probably causing the rendition of an improper judgment. This court is not satisfied that the argument, under all the circumstances shown and when the record as a whole is considered, was reasonably calculated to cause, and probably did cause, the jury to render an improper verdict. The appellant's points are overruled, and the judgment of the trial court is affirmed.