JOHN RAMIREZ V. SOPHIE ACKER ET AL.

No. 7560. Decided April 17, 1940.
(138 S. W., 2d Series, 1054.)

*Clarence A. Miller* and *L. P. Lollar,* both of Houston, for plaintiff in error.

On the question of argument of counsel. Ft. Worth & D. C. Ry. Co. v. Hays, 111 S. W. 446; Trueheart v. Parker, 257 S. W. 640; Vogt v. Guidry, 229 S. W. 656.

*Kayser, Liddell, Benbow & Butler* and *Jack Binion,* all of Houston, for defendants in error.

As to improper argument of counsel. Connecticut Gen. Ins. Co. v. Dent, 84 S. W. (2d) 250; International & G. N. R. R. Co. v. Irvine, 64 Texas 529; Marcus v. Huguley, 37 S. W. (2d) 1100.

MR. JUSTICE SHARP delivered the opinion of the Court.

This is a trespass to try title suit. John Ramirez filed suit against Mrs. Sophie Acker and husband, William Acker, W. C. Arnett and wife, Lura Arnett, and Luke Wofford, and others, to recover Lots 1, 2, 3, 4, 6, 7, 8, 9, and 10 of Tract No. 144, South Houston Gardens No. 6, Subdivision of the H. T. & B. B. R. R. Company, said lots containing about three acres of land, and being situated in Harris County, Texas. He also sought to recover 6,887.5 square feet of land adjacent to and immediately east of said Lot 144, and alleged that the defendants Acker claimed Lot 4 and the 6,887.5 square feet described in his petition, and that defendants Arnett claimed Lot 10, and that defendant Wofford claimed Lot 7. His ground for recovery was based on the ten years statute of limitation. The cause was

submitted to a jury on special issues, and, based upon the findings of the jury, the trial court entered judgment for the defendants. Ramirez appealed to the Court of Civil Appeals, and the judgment of the trial court was affirmed. 124 S. W. (2d) 905.

Reference is here made to the opinion of the Court of Civil Appeals for a detailed statement of the testimony contained therein.

A writ of error was granted by this Court because of the argument of counsel in the trial court.

It is shown by the opinion of the Court of Civil Appeals that most of the defendants have settled with the plaintiff, and the issues existing between them and Ramirez are not involved here. Ramirez saw fit to include in the suit several persons claiming different tracts of land. They were represented by different counsel, and each relied on a distinct and separate defense. They did not make a common defense. The argument to which objection was made in the trial court was made by counsel for parties who have settled their differences with Ramirez and who are not interested in the outcome of this case. We are concerned here only with the argument made by counsel for the Ackers and the Arnetts, who claimed part of the land sued for.

■ The frequency with which this Court is called upon to review assignments complaining of arguments of counsel in the trial of cases impels us to restate briefly some of the rules relating thereto. The rule has long been in force in this State that "counsel shall be required to confine argument strictly to the evidence and to the argument of opposing counsel." See Rule 39, relating to district and county courts. The scope of argument by counsel to the jury is always under the supervision of the court. It is the duty of the court to maintain decorum during the trial of a case, and to require counsel to limit argument to the facts in evidence. Great latitude is allowed counsel in discussing the facts and issues. Counsel are permitted to show the environments of the case; they may comment upon the bias or interests of the parties and witnesses, and may discuss the reasonableness or unreasonableness of the evidence and its probative effect or lack of probative effect; but such latitude extends only to the facts and issues raised by the evidence in the case. It is only by adhering strictly to this rule that the rights of litigants can be protected and the law administered justly and impartially.

This Court has announced two principal rules relating to the effect of arguments made by counsel in the trial of a case.

■■ One rule is: If counsel goes outside of the record, or indulges in inflammatory language, in order to influence the jury to return a verdict favorable to his client, or if he gives the jury information not in evidence, calculated to injure the opposing side, and such argument is not in reply to argument of opposing counsel, this constitutes misconduct, and requires a reversal of the case; unless it clearly appears that no injury resulted to the other side. And it is the duty of the court upon its own motion to repress such argument. Where the argument of counsel is so prejudicial or inflammatory that no instruction from the court would cure the error, the duty does not rest upon opposing counsel to object to the argument and request the court to instruct the jury not to consider same. This rule has long prevailed in this State, and has been approved many times. 41 Tex. Jur., p. 801, Sec. 78, pp. 815, 816, Sec. 85; Willis & Bro. v. McNeill, 57 Texas 465; Robbins v. Wynne (Tex. Com. App.), 44 S. W. (2d) 946; Bell v. Blackwell (Tex. Com. App.), 283 S. W. 765; Prather v. McClelland (Tex. Civ. App.), 26 S. W. 657.

In the early case of Willis & Bro. v. McNeill, supra, in discussing rules controlling arguments made by counsel in the trial of cases before juries, this court said:

"Under these rules the duty devolves affirmatively, first, upon counsel to confine the argument strictly to the evidence and to the argument of opposing counsel; second, upon the court, on its own motion, to confine counsel to this line of argument. If both the counsel who is making the argument and the court should fail in the discharge of this duty, then the rules give to opposing counsel the privilege, but does not make it his duty, to then present his point of objection. This discretion given to counsel, as to whether he will make the objection at the time, was doubtless based upon the well known embarrassments and often prejudice which generally attend the interruption of the argument of one counsel by another; and was intended to place that as a duty where it properly belongs—upon the presiding judge."

The foregoing holding has been approved by this Court many times, and it is embodied in the rules adopted by this Court defining the nature of argument that is proper and improper. See Rules 39 and 41, relating to district and county courts.

■ The second rule is: If the argument is of such a nature or is made under such circumstances that if objection is made at the time, so that counsel can offer an explanation or make such corrections as will make such argument proper or harmless, or if the argument is of such a nature that its withdrawal by counsel or instruction by the court to the jury to disregard same will cure the error and render the effect of the argument harmless, the complaining party must object to such argument and request the court to instruct the jury not to consider same; and failure so to do waives the error. Robbins v. Wynne, supra; City of Waco v. Rook, 55 S. W. (2d) 649; Gulf C. & S. F. Ry. Co. v. Greenlee, 70 Texas 553, 8 S. W. 129; 41 Tex. Jur., p. 833, Sec. 88.

The argument to which objection was urged in the trial court was made by counsel representing parties not involved here. This record discloses that counsel for the Ackers and the Arnetts disavowed the argument made by counsel for the other parties, and asked the jury to disregard same. Therefore it appears that the complaints involved here are restricted to the arguments made by counsel for the Ackers and the Arnetts. In order to show the argument involved here, we quote and adopt the following from the opinion of the Court of Civil Appeals, written by Mr. Justice O'Quinn:

"Assignments Seven, Eight and Nine complain of improper argument of counsel for defendants Ackers and Arnetts. They are presented together, and we shall so consider them. In effect they are (a-7) That counsel told the jury that plaintiff's suit was one that 'stinks' and that plaintiff was the victim of a scheme or design by somebody to use him to their advantage and not to the advantage of plaintiff, and that somebody ought to be indicted for filing and prosecuting the suit; it being urged that said argument was prejudicial in that it left the inference in the minds of the jury that plaintiff's counsel, or others, conspired with plaintiff to bring the suit for some malicious or fraudulent purpose; (b-8) that defendants were not going to pay 'blood-money' in the form of a settlement as had been exacted from others who had made settlements, the objection to said argument being that same was without support in the record and prejudicial; and (c-9) that the suit was brought primarily for the benefit of the Stanolind Oil Company, said argument was without evidence to support same and was prejudicial and calculated to deprive plaintiff of a fair and impartial verdict by the jury. The court approved these bills of exception presenting these matters with the qualification that

no objections or exceptions were taken to any of said arguments when made."

It is not the purpose of the rules announced by this Court to unreasonably limit counsel in discussing the facts and issues raised by the evidence. Great latitude must be allowed in this regard. Counsel ofttimes in their zeal in their arguments to the jury make statements the effect of which can be controlled by the court's telling counsel to desist making same and by instructing the jury to disregard same.

After a careful consideration of the record before us, and the peculiar facts involved in this case, we think the argument of counsel was of such a nature that, if it had been objected to, a reprimand by the court to counsel for making such argument and an instruction by the court to the jury to disregard such argument would have rendered it harmless. Under the state of this record it was the duty of counsel for Ramirez to make objection to the argument at the time it was made, if it was desired to reserve exception to such argument. This was not done. Therefore the exception was waived.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered April 17, 1940.