## CAGE et al. v. NUECES COUNTY.
### No. 10916.

Court of Civil Appeals of. Texas.
San Antonio.
April 2, 1941.

Boone, Henderson, Boone & Davis, of Corpus Christi, for appellants.

Hal Rachal, Linton Savage, Hayden W. Head, and Keys & Holt, all of Corpus Christi, for appellee.

NORVELL, Justice.

This is an action brought by J. F. Cage and T. C. Cage, appellants, against Nueces County, appellee, upon a contract provid-ing for compensation for the hauling of shell for roadway purposes. Trial was to a jury upon special issues and judgment rendered thereon that appellants take nothing.

Appellee's objections to the consideration of appellants' propositions and bills of exceptions are not well taken. We have considered all of appellants' propositions, three in number.

Appellants' first proposition asserts that appellee's pleadings were insufficient · to support the submission of special issue No. 3, which inquired as to whether or not appellants, prior to the time of the hauling of the shell here involved, had agreed to look to a third party, Heldensfels Brothers, rather than the County for payment. This proposition is overruled. The County denied liability because of the hauling involved and pleaded that if any debt arose as a result thereof, Heldensfels Brothers were liable for the payment thereof.

Appellants' second proposition is overruled. There is no conflict in the jury's answers to the issues submitted. 41 Tex. Jur. 1224, § 360.

Appellants contend that this cause should be reversed because of an asserted improper argument by counsel for appellee. Counsel stated in substance that this suit was filed in 1933 and not tried until 1940. Upon objection, the trial court admonished the jury not to consider the statement. The date of the filing of the suit was shown by appellants' amended petition which was presumably read to the jury. The statement was therefore not outside the record. The inference that appellants' claim was not well founded in fact, which counsel sought to draw from long pendency of the case upon the trial court's docket, may have been an improper deduction from the facts, but we are of the opinion that any prejudice resulting therefrom was removed by the instruction of the trial court. Ramirez v. Acker, 134 Tex. 647, 138 S.W. 2d 1054.

Counsel for appellee also stated that if appellants' claim had been just, the county would have paid it. Appellants objected, but the trial court evidently did not rule upon the objection. A statement by counsel, which is in effect an assertion that his client is honest in his business dealings, is not ordinarily reversible error and we conclude that no reversible error is shown

in the particular mentioned here. Appellants' third proposition is overruled.

Being convinced that our original disposition of this case, affirming the judgment appealed from, was correct, appellants' motion for rehearing is overruled. The foregoing will serve as the opinion of this Court.