TEXAS EMPLOYERS' INS. ASS'N v. SCOTT.

No. 6067.

Court of Civil Appeals of Texas. Amarillo.
July 10, 1950.

Rehearing Denied Sept. 11, 1950.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, for appellant.

Merchant, Fitzjarrald & Pope, Amarillo for appellee.

LUMPKIN, Justice.

This is a workmen's compensation case. The appellee, W. Mac Scott, was the employee. The appellant, Texas Employers' Insurance Association, was the compensation insurance carrier, and The Shamrock Oil & Gas Corporation was the employer. The appellee filed this suit against the appellant as an appeal from an adverse award of the Industrial Accident Board.

On January 2, 1949, the appellee was assisting in repairing an engine located on his employer's property. An explosion occurred which threw the appellee to the ground. From this explosion the appellee

alleged that he had received injuries of a total and permanent nature. In this suit the appellee seeks to recover compensation for total and permanent disability.

Trial was to a jury. In answer to the special issues submitted, the jury found that on January 2, 1949, while in the course of his employment with The Shamrock Oil & Gas Corporation, the appellee sustained injuries to his head and that these injuries have incapacitated him totally and permanently. The trial court, pursuant to the jury's verdict, entered judgment against the appellant for 401 weeks of compensation at the rate of $25 per week. From this judgment the appellant has regularly prosecuted its appeal. The appellant assails the jury's finding of total and permanent incapacity on two grounds: (1) That the jury's finding has no support in the evidence; (2) that the jury's finding is insufficiently supported by the evidence.

The appellee alleged that as a result of the explosion he suffered severe and excruciating burns to the upper part of his body, head, neck and face; that as a result of a heavy blow to the head he suffered either a fracture of the skull or a concussion of the brain. There is no question that an explosion did occur and that the appellee did suffer burns as a result of it; however, the question of whether appellee suffered a concussion of the brain is sharply contested by the appellant's medical witnesses.

Reviewing the evidence, as we must, from the standpoint of the prevailing party, we find the following facts: As a result of the explosion, the appellee received burns to his face, eyes and ears; he remained in the hospital for fourteen days. The rims of the appellee's ears were burned off, and at the time of the trial his ears were tender. He has trouble shaving, and exposure to the wind or sun blisters his face. As to his eyes he testified: "Well, it—seemed to have a skin over my eyes and I can't read hardly at all; I start reading and they water and when I am out in the wind, well, they water all the time." He stated that he couldn't hear as well as he could before the explosion and that he was bothered by a roaring sensation in his head. Concerning the injury to his head, the appellee testified: "Well, I have severe headaches and I have dizzy spells nearly all the time and I have a roaring in my head and my eyes bother me and I am nervous, upset all the time." He testified that he was unable to work because, "Well, these headaches, nervousness, and I can't sleep at night hardly at all." The appellee's memory is bad and his physicians have prescribed medicine for his headache.

Several fellow workmen testified that since the explosion the appellee had been high-strung, nervous, and that any sudden noise, such as the report from an explosion, appears to upset him. They spoke of the appellee sitting around in a dazed condition. The appellee, however, had remained on the job most of the time since the explosion. The witness Wurz testified as to the appellee's nervousness: He stated there were some jobs that he would not allow the appellee to do because it would be too easy for the appellee to injure himself; that he did not consider it safe to work with a man as nervous as the appellee.

Dr. Royse, the appellee's medical witness, testified: "In my opinion, he has some intracranial injury, or what we call a concussion to the brain." Dr. Royse testified that he could see no improvement in the appellee's condition, that he did not know when the appellee would be a normal man again, and that the appellee was not able to obtain and retain employment.

The appellant objected to the last portion of Dr. Royse's testimony, i. e., "that the appellee is not able to obtain and retain employment," for the reason that the statement invades the province of the jury and attempts to answer the ultimate question which the jury must determine. In our opinion Dr. Royse's statement was admissible. Where the point to be determined may be as accurately decided by the jury as by an expert, and where no scientific knowledge is necessary to arrive at a conclusion based upon certain facts, an expert witness may not express his opinion as to the ultimate conclusion. But, generally, the courts make no distinction between evidential and ultimate facts subject to an expert's opinion. Adamson v. Burgle, Tex.

Civ.App., 186 S.W.2d 388, ref. w. m.; 20 Am.Jur. 653, et seq. Under this broad, general rule, Dr. Royse's opinion on even an ultimate question would be admissible. But, be that as it may, in our opinion, Dr. Royse's statement must be interpreted in connection with his entire testimony. He testified that he did not know when the appellee would be a normal man again. So, when Dr. Royse stated that the appellee was unable to obtain and retain employment, his statement was, in part, a physician's prognosis as to the length of time the appellee would suffer from his injuries.

Our courts have often upheld jury findings of total and permanent disability based on the claimant's testimony alone. Texas Employers' Ins. Ass'n v. Scott, Tex. Civ.App., 46 S.W.2d 348, writ refused; Traders & General Ins. Co. v. Diebel, Tex. Civ.App., 188 S.W.2d 411, writ refused; 45 Tex.Jur. 592. The extent and duration of the appellee's disability were undoubtedly questions to be determined by the jury. Under the appellee's testimony, as well as under Dr. Royse's statement, we cannot say that the jury's findings of total and permanent disability are so preponderantly against the great weight of the evidence as to be clearly erroneous. Federal Underwriters Exchange v. Green, Tex.Civ.App., 150 S.W.2d 98, dism. judgment cor.; Traders & General Ins. Co. v. Rischer, Tex.Civ. App., 210 S.W.2d 652, ref. n. r. e.

The appellant contends the court erred in not granting a new trial because of the improper argument of counsel for appellee. The appellant classifies the allegedly improper argument under three headings: Unsworn testimony by appellee's counsel; prejudicial criticism of appellant and its counsel; an invitation to the jury to reach its verdict by guess.

The appellant asserts that several portions of the argument made by counsel for the appellee amount to presenting unsworn testimony to the jury. In effect, counsel stated that the employer, The Shamrock Oil & Gas Corporation, would keep the appellee on its payroll until this suit was tried; that no company would employ a man with appellee's medical history; and that the appellee's fellow employees were carrying him on the job. The appellant contends that the court erred in not granting a new trial because appellee's counsel stated in his argument to the jury that the appellant had not discharged its duty to furnish medical aid to the appellee and that the testimony of Dr. Richardson, the attending physician, was to be regarded as bought testimony.

A careful review of the record reveals sufficient testimony from which appellee's counsel could draw such deductions and references. As we understand the evidence, the appellee was employed by The Shamrock Oil and Gas Corporation at the time of the trial; Dr. Richardson was employed by the insurance company; and, although the appellant has furnished medical attention, the appellee still suffers with headaches. There is evidence that the appellee was favored on the job by his fellow employees. Incidentally, appellee's counsel did not refer to Dr. Richardson's testimony as "bought testimony" in so many words. The doctor had testified that he did not believe the appellee had suffered a concussion to the brain. In his argument counsel for the appellee stated that Dr. Richardson was employed and paid by the insurance company and that the doctor was loyal to his employer. At one point counsel stated that he did not believe Dr. Richardson was dishonest, that "he was leaning hard for the insurance company," and that Dr. Richardson was making every effort to relieve the appellee of his headaches. In our opinion counsel's remarks were a fair comment upon the proved facts.

Next, the appellant complains that appellee's counsel improperly criticized appellant and its counsel. In his argument appellee's counsel criticized the appellant for producing one Dr. Reid as a witness; he pointed out that representatives of the employer and the appellant were present in the courtroom; he criticized appellant's counsel for interrogating the appellee on the subject of drinking; and he found fault with the fact that appellant's counsel had interrogated appellee's witness as to the appellee's purported matrimonial difficulties.

The evidence reveals that Dr. Reid is an expert in the treatment of nervous and mental disorders. At the appellant's request, the appellee went to Dr. Reid for an examination and possible treatment. In the course of his examination Dr. Reid wished to do a spinal puncture on the appellee. The appellee refused to submit to this form of examination. Dr. Reid's testimony amounted to nothing more than his conversation with the appellee. The record shows that representatives of both the appellant and the employer were present in the courtroom during the trial; that appellee was interrogated about drinking; and that the question was asked by appellant's counsel as to whether Mac Scott had any matrimonial difficulties. The comments made by appellee's counsel amounted to nothing more than a fair discussion of the evidence.

■ Finally, the appellant complains of those portions of the argument which purportedly invited the jury to guess at its verdict. Bill of Exception No. 8 discloses that appellee's counsel made this argument: "Dr. Royse didn't say he was bedridden and not able to get around, but, he said he is not able, in his present condition, to go out and secure and retain employment, and since that condition has existed for this long a period of time, it is reasonable to assume it will go on throughout his lifetime. That would be the fairest verdict and render the justice to Mac Scott that he is entitled to—that is total incapacitated and it is permanent, but, I am not going to assist in writing this verdict—so, you gentlemen decide if it is permanent or if it will be over in three or four hundred weeks. I don't know. I don't believe you know. You are going to have to take a guess, but, don't guess against Mac Scott's rights. Don't throw away his rights on a guess— pick out the testimony that you believe. The testimony that seems like it was coming from the lips of people that wanted to tell you what happened, and you write a verdict on what you believe."

We do not believe the appellant was injured as a result of this portion of appellee's argument. It introduced no new element into the case. Counsel told the jury nothing it did not already know from the pleadings, proof and general conduct of the case, viz., that the appellee was contending that he was totally and permanently injured and that the appellant was contending to the contrary. In asking the jury to guess that the appellee's incapacity is permanent, counsel was asking the members of the jury to use their best judgment based upon the testimony they believed. Counsel is not required to confine his argument to such mild and vague statements about the testimony that a juror may not know what counsel believes the testimony warrants the jury in finding.

■ Later in his argument appellee's counsel remarked that the appellant had been paid a premium by The Shamrock Oil and Gas Corporation. The appellant complains that such a remark constitutes prejudicial error. Counsel is given wide latitude in arguing his clients' contentions before a jury. It is not error to permit counsel for the claimant to state to a jury that a premium had been paid the insurance company. Traders & General Ins. Co. v. Parker, Tex.Civ.App., 91 S.W.2d 503, dism.

■ None of the foregoing portions of the argument were objected to by appellant's counsel. It is contended by the appellant that the argument was so prejudicial and inflammatory that no objection was necessary. Undoubtedly, under the holdings of our courts, no error would have existed if the trial court had instructed the jury not to consider counsel's remarks. However, the appellant did not object to the remarks made by appellee's counsel, and the court did not instruct the jury not to consider them. The appellant suffered no injury by reason of the remarks made by appellee's counsel. Taken as a whole, the argument is not of such a character as, in our opinion, would warrant a reversal of the case, especially since the appellant failed to object to the argument at the time it was made. Humphreys v. Roberson, 125 Tex. 558, 83 S.W.2d 311; Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054.

■ The appellant next contends that the trial court erred in excluding a certain portion of the argument made by counsel

for the appellant. Counsel was commenting on the fact that Dr. Richardson was employed by the appellant to treat the appellee. He pointed out that the appellant is required by law to furnish medical attention to injured workmen. He then observed that appellee's counsel was urging the jury to regard Dr. Richardson's testimony as bought testimony when the appellant in employing Dr. Richardson to treat the appellee was doing exactly what it was required to do. Appellant's counsel concluded by saying: "There are angles about this case in a good many ways—of all the men who were hurt out there on the job you won't find any suggestion in this evidence that any other suit was filed except this one, or, that any other claim except the claim of Mac Scott went to the hands of an attorney." The appellee objected to this portion of counsel's argument on the grounds that it was not supported by the evidence and that there was nothing to show that other suits would not be filed. The court sustained the objection.

Our courts allow counsel considerable latitude in discussing the facts and issues of a case. Such latitude, however, extends only to the facts and issues raised by the evidence. Erwin v. Welborn, Tex.Civ.App., 207 S.W.2d 124, writ ref. n. r. e.; 41 Tex. Jur. 763. In our opinion the statement made by appellant's counsel is not supported by the record.

In its last point of error the appellant contends the court erred in excluding the testimony of Carl Moffatt, one of the workmen hurt in the same explosion which injured the appellee. Moffatt would have testified as to his own condition following the explosion. The proposed testimony was excluded: What anyone else may have suffered from the explosion would not be material in determining the extent of the appellee's injuries. Whether such testimony is admissible is a matter of procedure which is left largely to the discretion of the trial court. The appellant in its brief has failed to show that the court abused its discretion in excluding Moffatt's testimony. In our opinion the exclusion of such testimony does not constitute reversible error.

The appellant has filed a motion to postpone submission of this appeal and to appoint a commissioner or remand the case to hear further evidence. The appellee's motion to strike appellant's motion is granted. The procedure prayed for by the appellant is not authorized either by the rules of civil procedure or by the statutes of this state. San Antonio Service Co. v. Mitchell, Tex.Civ.App., 238 S.W. 265.

The record in this case fails to show reversible error. All of the appellant's points of error are overruled, and the judgment of the trial court is affirmed.