ROBERT R. STERRETT ET AL V. EAST TEXAS
MOTOR FREIGHT LINES.

No. A-2887. Decided February 28, 1951.
Rehearing overruled March 21, 1951.
(236 S. W., 2d Series, 776.)

*Mullinax, Wells and Ball* and *Otto B. Mullinax,* all of Dallas, for petitioners.

The Court of Civil Appeals erred in holding that the arguments of plaintiff's counsel were prejudicial and could not be cured by an instruction of the trial court. Rio Grande, E. P. & S. F. Ry. Co. v. Dupree, (Com. App.) 55 S.W. 2d 522; Ochoa v. Winerich Motor Sales Co., 127 Texas 542, 94 S. W. 2d 416; Texas Employers Ins. Assn. v. Crow, 148 Texas 113, 221 S. W. 2d 235.

*Leachman, Matthews & Gardere,* and *Henry D. Atkin,* all of Dallas, for respondent.

In rebuttal of petitioners proposition, respondent cite: Fambrough v. Wagley, 140 Texas 577, 169 S.W. 2d 478; Gulf Casualty Co. v. Archer, 118 S.W. 2d 976, writ of error dismissed; Huey & Philip Hdw. Co. v. McNeil, 111 S.W. 2d 1205.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

Following a jury's verdict on special issues, the district court rendered judgment for petitioner, Robert R. Sterrett, against respondent, East Texas Motor Freight Lines, for damages on account of personal injuries suffered by petitioner when he was struck by respondent's truck. The Court of Civil Appeals

reversed and remanded the cause, holding that arguments by petitioner's counsel were improper and that one of them at least necessitated reversal. 232 S. W. 2d 253. Writ of error was granted because of those rulings.

After petitioner was struck and knocked down by the truck on August 21, 1947, he continued working and worked every day until October 23, when he was sent to a doctor. He returned to work on January 2, 1948, and was given lighter employment than that in which he had engaged before he was struck. It appears that petitioner made no outcry when he was struck. He said nothing to the driver of the truck, did not tell him that he had been hurt. And he made no claim against respondent until March, 1948.

■ Respondent's bill of exceptions referring to the closing argument made to the jury by the attorney for petitioner sets out argument describing the positions of petitioner and the driver of the truck immediately before the accident and then the following:

"Now, I ask you to put yourself in Mr. Sterrett's position—'
"Mr. Gardere: 'I object. The jury is not in Mr. Sterrett's position, or mine either.'
"The Court: 'I sustain the objection.'
"Mr. Gardere: 'I ask you to instruct the jury not to consider that statement.'
"The Court: 'I so instruct the jury.'
"Mr. Mullinax: 'I apologize. I didn't mean it that way. I merely ask you to take a position on that rack that afternoon where Mr. Sterrett was. When you have put yourselves there, imagine, gentlemen, you are a man with a seventh grade education, that knows his job; it is a hard, common labor kind of job; he likes to do it and is glad of his employment and is glad of the fact his employers like him; he wants to stay with his job; he is making money he is satisfied with. That kind of a man is suddenly hit by the truck and is thrown down. And I tell you a truck, at half a mile an hour, of that weight, would make you feel like your head was popping off your shoulders. Mr. Sterrett said it gave him that kind of feeling, in his deposition, and in his pleadings and on the witness stand he said he had that kind of feeling from it, and he also said he was bruised across his back. But the important thing I want to point out is this— he was not a man looking for a lawsuit. He got up and those were the things that affected his consciousness at that time, that there were bruises made, and his head felt like it was coming off of his neck. Now I ask you, if you had a billiard cue with a

heavy end and hold it on one end and hit with the metal, where is the weight going to be experienced most, out there on the heavy end. So I am sure he would experience that kind of feeling; but he got up and went about his business. I am sure he had no more thought in his mind about a lawsuit or about losing a day from his work or getting flat on his back, certainly, than that driver did or anyone else.' "

It appears from the foregoing quotation of the argument, the objection and the trial court's action that both counsel for respondent and the court believed that petitioner's counsel in the first part of the argument above quoted was about to urge the jurors to place themselves in the position of petitioner as plaintiffs and in effect to decide the issues from a prejudiced viewpoint rather than from an impartial consideration of the evidence. Before the sentence was completed the objection was made and sustained and the jury was instructed not to consider what had been said. The argument that followed was of a different nature from the unfinished sentence to which objection was made, and considering the whole of it we believe that it was not made in deliberate disregard of the ruling the court had made. It was not an invitation to the jurors by putting themselves in the place of the plaintiff to decide the issues as they would have them decided were they themselves litigants. It was a suggestion or a request that in their deliberations they take into consideration petitioner's position, his meager education, his situation in his employment, his desire to remain in it and to make money. These things are mentioned in connection with references to the sudden and severe blow which affected for a brief period petitioner's consciousness and to his getting up and going about his business without losing time from his work and with no thought about a lawsuit. The entire argument made after the objection was sustained is fairly construed as intended to explain petitioner's failure to make outcry and his failure to complain to the driver of the truck, his continuing to work as long as he was able, and his delay in making a claim for the injury. Thus considered the argument is not inflammatory and not an appeal to prejudice or to passion. In our opinion the argument is not of such harmful nature as to require reversal of the trial court's judgment. We believe further that any harm done by the argument would have been cured by objection and instruction by the court not to consider it. The objection first made and sustained was not sufficient to be treated as an objection to the more elaborate and somewhat different argument that followed it. These conclusions are supported by the following authorities: Rio Grande, E. P. & S. P. Ry. Co. v.

Dupree (Com. App.) 55 S. W. 2d 522; Ochoa v. Winerich Motor Sales Company, 127 Texas 542, 94 S. W. 2d 416; Southern Ice and Utilities Company v. Richardson, 128 Texas 82, 95 S. W. 956, 957; Texas & N. O. R. Co. v. McGinnis, 130 Texas 338, 345, 109 S. W. 2d 160; Fambrough v. Wagley, 140 Texas 577, 585, 169 S. W. 2d 478; Ramirez v. Acker, 134 Texas 647, 651, 138 S. W. 2d 1054.

■ The second point in the application for writ of error relates to the holding of the Court of Civil Appeals that there is error in the part of the opening argument of petitioner's counsel in which he spoke of his own experience and knowledge.

The bill of exceptions show that during the opening argument of counsel for petitioner and after the trial court on objection by opposing counsel had said "I will ask you to follow the evidence", counsel continued as follows:

"I submit you heard from Mr. Hilz's testimony—the only inference you could make from his testimony, his shop foreman, and that of Mr. Henry, the superintendent of tire maintenance, that if that man were to come to them in his condition and they had a chance to observe his condition as it now is, and that man came to them and wanted a job, they wouldn't give him a job. It seems only reasonable, drawing from our own experience and knowledge, that they are keeping him on out of pure sympathy for him. They testified that they had given him the lightest job they have got out there."

Respondent insists that this argument is harmful and prejudicial because in making it counsel was "telling the jury that from his *own knowledge* Mr. Sterrett's employer was keeping him out of pure sympathy", which amounted to unsworn testimony by petitioner's counsel.

The argument is objectionable if construed as presenting to the jury a fact within the knowledge of counsel which was not in evidence, but the word "knowledge" is used in connection with the words "our own experience". The statement is that "It seems only reasonable, drawing from our own experience and knowledge, etc." So used the words seem to suggest to the jury a conclusion to be drawn from the jurors' and counsel's experience and common knowledge and not to amount to a statement by counsel of a fact known by him. Our opinion is that this argument is not reversible error.

■ We agree with the ruling of the Court of Civil Appeals that

the trial court did not err in admitting the testimony of the shop foreman and of the maintenance superintendent of petitioner's employer that, having observed petitioner and his apparent physical condition after his injury, they could not have used him in work under their supervision had he come seeking employment as a new employee.

■ Respondent's brief in the Court of Civil Appeals presents as its fifth point the following: "The error of the trial court in permitting recovery for aggravation of plaintiff's syphilitic condition." The Court of Civil Appeals in overruling the point thus stated the established rule: "It is settled, we think, that such recovery for an aggravation of a prior diseased condition is allowable when such aggravation results directly and proximately from actionable negligence; the recovery, of course, being limited to the increase of ill effects directly and proximately resulting from the injury." 232 S. W. 2d 253, 256. See St. Louis S. W. Ry. Co. v. Johnson, 100 Texas 237, 239, 97 S. W. 1039; 15 Am. Jur. pp. 488-489, Sec. 80.

The trial court, in the issue inquiring what sum of money would be reasonable compensation for petitioner's injury, instructed the jury in substance that it could not allow anything for any diseased condition that existed prior to the occurrence of the injury, and further that if it found that a diseased condition existed prior to the injury and that the condition was aggravated by the injury, it might, in determining the amount of the compensation, consider the aggravation, if any, resulting directly and proximately from the injury. Examination of the statement of facts discloses that there is testimony at least tending to prove that petitioner's diseased condition was aggravated and made active by the injury that he suffered when he was struck by respondent's truck. We find no error in the action of the Court of Civil Appeals in overruling the fifth point in respondent's brief.

■ The other two points in respondent's brief in the Court of Civil Appeals relate to alleged misconduct of the jury and excessiveness of the verdict. The Court of Civil Appeals expressed no opinion on the question of misconduct and as to the question of excessiveness of the verdict stated merely that the point should be sustained, discussing it no further because the evidence and the amount of the verdict might be different on another trial. Since we have no jurisdiction of the question of excessiveness, it is necessary that the cause be remanded to the Court of Civil

Appeals for further consideration and decision of that question, and it may also decide the question as to misconduct of the jury.

The judgment of the Court of Civil Appeals is reversed and the cause is remanded to that Court.

Opinion delivered February 28, 1951.

Rehearing overruled March 21, 1951.