**COASTAL TRANSMISSION CORPORATION, Appellant,**

v.

**Mrs. Edna LENNOX et al., Appellees.**

No. 13549.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 27, 1960.

Keys, Russell, Keys & Watson, H. J. Prendergast, Corpus Christi, for appellant.

Tom M. Pogue, Corpus Christi, for appellees.

BARROW, Justice.

This is an appeal by Coastal Transmission Corporation from a judgment on a jury verdict in a proceeding brought under the power of eminent domain. The judgment complained of awarded Mrs. Edna Lennox and her tenant, Roy Smith, $11,142.67 for a gas pipeline right-of-way and easement 50 feet in width, containing 3.523 acres, and for damages to the remainder of a tract of 175 acres of land from which the right-of-way was severed and for loss of crops.

By its first, second, third and fourth points, appellant contends that the court erred in rendering judgment in favor of appellee Mrs. Edna Lennox for the sum of $10,847.67, for the reason that there is no evidence and insufficient evidence to establish the number of acres remaining in the 175 acre tract after taking the condemned strip of land, and that the court erred in finding that the remainder contained 171.477 acres. These points boil down to the contention that the evidence

does not establish that the entire tract, including the strip condemned, contained 175 acres of land. We overrule these points.

■ Appellees plead that the tract contained approximately 175 acres. During the entire trial there was no serious contention or dispute as to the number of acres. Counsel for both sides and the witnesses for both sides referred to the land as a 175-acre tract. Appellant, for the first time, raised such contention in its motion for new trial. It is evident from the record that all parties considered the tract as containing 175 acres.

The trial court submitted the case to the jury in strict conformity with the rule laid down by the Supreme Court in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 979, except that the issues required the jury to find the value of the land in each instance by the acre rather than the value of the entire tract inquired about. Thus, if the tract contained 175 acres it was a simple process for the court to subtract therefrom the 3.523 acres condemned and arrive at the 171.477 acres remaining.

■ We think there is still another reason why appellant's points must be overruled. Even if it be true that there was a genuine issue as to the number of acres in the tract, then it would require another issue in addition to the one submitted. Thus, there would be two issues forming a cluster or group to make up the controlling issue or independent ground of recovery, i. e., the price per acre and the number of acres. Appellant made no exception to the court's charge for failure to submit the issue as to the number of acres in the tract. The court, under the circumstances, is authorized to make the finding on the second issue, provided there is evidence in the record upon which to make such finding, and this is true even though the evidence may be conflicting. Rule 279, Texas Rules of Civil Procedure.

The trial court in the judgment expressly made such finding, which is supported by the following evidence: Roy Smith, a witness for appellee, testified the tract contained approximately 175 acres; Gordon Stewart, 172 or 175 acres; Thos. Givens, appellant's witness, 180 acres; Gilbert Isenberg, 175 acres; and Howard Jones, an employee in the Tax Assessor's office, 183 acres.

By its fifth, sixth, seventh, eighth, ninth, tenth, eleventh and twelfth points, appellant contends that the jury's findings in response to Special Issues Nos. 1, 3 and 4, are not supported by sufficient evidence and that such findings are "contrary to and against the weight and preponderance of the evidence," and that there is no evidence to support the findings in response to such issues. Appellant has briefed these points jointly, so we shall in like manner consider them.

In answer to Special Issue No. 1, the jury found the market value of the average acre of the 3.523-acre strip condemned, immediately before the taking, to be $1,000, considered as severed land. In answer to Special Issue No. 2, the jury found the value of the average acre of such tract, immediately after taking, to be $400, considered as severed land. In answer to Special Issue No. 3, it found that the average acre of the remainder was of the value of $1,400 immediately before the taking, and in answer to Special Issue No. 4, found the value to be $1,349.65 immediately after the taking.

■ The law is well settled that if a finding of the jury is supported by evidence of probative force, that finding is binding and cannot be set aside, unless the finding is so against the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. King v. King, 150 Tex. 662, 244 S.W.2d 660; Continental Bus System, Inc. v. Biggers, Tex.Civ.App., 322 S.W.2d 1.

■ Appellant contends that since the expert witnesses did not segregate the condemned land from the remainder, but val-

ued the tract per acre as a whole, there is no evidence of the value of either as severed land. That contention cannot be sustained. While the rule laid down in State v. Carpenter, supra, requires the jury to find the market value of the part condemned and the remainder, considered as segregated from each other, the rule does not apply to the introduction of evidence.

The expert witnesses for both parties testified to the value of the land on the average acre basis without objection, and there was no request that the evidence be limited to the value as severed from the remainder. From the voluminous record in this case, it is apparent that the jury had before it a full and complete picture of the land in question, its location, kind and character. The evidence showed that there were no improvements on any of the land, and the testimony offered by the expert witnesses on both sides considered the land as adapted for subdivision and development, and valued it accordingly. The jury had the benefit of the prices paid for numerous tracts of comparable land. It was the province of the jury, from the evidence as a whole, to find the value of the land in accordance with the court's charge, which charge admittedly conformed to the rule in the Carpenter case.

The findings of the jury demonstrate that they scrupulously followed the court's charge. They valued the condemned land, before taking, at $1,000 per acre, and valued the remainder, before taking, at $1,400 per acre. There was evidence to show that the land condemned was less valuable than the remainder, and from which the jury could determine the relative values. They valued the land, both that condemned and the remainder, and both before and after taking, well within the range between the highest and lowest estimates of the expert witnesses and well within the range between the highest and lowest sales prices of comparable lands, as shown by the record. Appellant's contention must be overruled. City of Houston v. Collins, Tex.Civ.App., 310 S.W.2d 697; Floyd County v. Clements,

Tex.Civ.App., 150 S.W.2d 447; State v. Davis, Tex.Civ.App., 140 S.W.2d 861.

Appellant relies on the decision in Wallace v. Van Zandt County, Tex.Civ.App., 264 S.W.2d 202. This case is clearly not in point. The opinion only states that there was no evidence of the value of the remaining tract before the taking, exclusive of the part taken. The opinion did not pass upon the question of the sufficiency of other evidence aside from the estimates of the expert witnesses.

■■ In connection with these points, appellant contends that the jury is bound by the values placed on the land by appellee's own experts. We overrule that contention. It is well settled that evidence of comparable sales may be considered to show the value of the property in question. McCormick and Ray, Law of Evidence, 2d Ed. § 1524. The weight and sufficiency of evidence in eminent domain proceedings are generally governed by the same rules which apply to actions at law or suits in equity. Juries and Commissioners are not bound by the opinion of witnesses as to their estimates of compensation to be awarded for the property taken or damaged, and are required to use their own judgment and experience. They are not, however, at liberty to disregard all the evidence adduced by the parties. Jahn, Valuation and Procedure in Eminent Domain, § 242.

■ Appellant next contends that there is no evidence to support the finding of the jury as to the value of the remaining tract after the taking. Appellant argues that since the tract condemned is a strip of land 50 feet wide across the extreme east side of the tract, that the land remaining would be just as valuable per acre as before and its value would not be diminished.

Appellee contends that the evidence shows that the strip of land is condemned as a right-of-way for a high pressure gas line. That such gas line would diminish the value of the remaining tract. That the evidence shows the land was potentially

subdivision land. That most of the developing, subdividing and building in the Corpus Christi area is done under F.H.A. or N. A. supervision, and under the regulations no building can be erected within one hundred feet of a high pressure gas easement. Therefore, in laying off lots for building sites an extra one hundred feet adjoining the easement cannot be used, and in that way seven or eight acres will be lost. That the value of the remaining tract will be reduced by the value of the lost land. Appellee's witnesses estimated that the loss to the remaining tract would amount to a reduction in value of $100 per acre. The jury found that such loss in value amounts to $50.35 per acre.

Appellant argues that since its own experts testified that there would be no loss, and appellee's experts testified that the loss would be $100 per acre, the jury was bound to accept the testimony of one or the other. We overrule this contention. It is well settled that the jury is not bound by the testimony of any witness. They may accept all, part, or none of the testimony of a witness. They may accept part of the testimony of one witness and part of another, or they may draw their own deductions from all the evidence in the case.

Appellee's witnesses Roy Smith and Gordon Stewart valued the entire tract of land at $2,000 per acre. Appellant's witness Thomas Givens valued the entire tract at $1,100 per acre. Appellant's witness Gilbert H. Isenberg valued the entire tract at about $1,200.00 per acre. The jury found the remaining tract to be of the value of $1,400 per acre before the taking, and after the taking, $1,349.65 per acre, making a loss of $8,633.87 on the entire remaining tract. Thus it is evident that the jury's estimate of reduction in value of the tract by reason of the loss of seven or eight acres is well supported by the evidence.

Appellant makes no attempt to demonstrate from the record that the jury in making their findings were actuated by prejudice, malice, ill will, or any other improper motive, but contents itself with the assertion that the findings are all against the overwhelming preponderance of the evidence. Appellant's fifth to twelfth points are overruled. King v. King, supra; Continental Bus System, Inc. v. Biggers, supra.

Appellant's thirteenth, fourteenth, fifteenth and eighteenth points complain that the jury's finding of the crop damages in favor of Roy Smith is not supported by the evidence. We are not required to consider these points. Appellant summarizes all the testimony on the question in less than five lines of its brief, without any reference to the statement of facts. Rule 418, T.R.C.P. However, we have examined the record as best we could and have concluded that the finding is supported by the evidence. The points are overruled.

By its sixteenth point appellant urges that the court erred in admitting testimony of Eugene Urban as to the effect of a purported subdivision of the tract of land involved. The point is overruled. Appellee offered evidence to show that there would be a loss of land by virtue of the 100-foot F.H.A. and N.A. regulation above mentioned, and offered the testimony of the witness Eugene Urban, a graduate civil engineer, who is experienced in laying out subdivisions, who drew a plat purporting to show that laying out the building lots could not be done in such a way as not to result in the loss of land adjacent to the gas line easement, which loss he estimated to be about eight acres. The testimony was offered for that limited purpose and so admitted. The plat was introduced in evidence without objection. There was no attempt made to value the land by lot or parcel. In the case of Minyard v. Texas Power & Light Co., Tex.Civ.App., 271 S.W. 2d 957, cited by appellant, the vice was that the appellant attempted to prove the value of the land by lots and parcels as shown on the plat. The case is not in point.

Appellant's seventeenth point is without merit. In the first place it is mul-

784

tifarious. Appellant contends that the court erred in several rulings in permitting appellee to introduce evidence of different comparable sales. However, we have examined the record concerning same and find that there was a description of each tract showing its location, kind and character of land, its fitness for subdivision and other features comparable to the Lennox land, and the prices obtained.

The rule has been well stated in 16 Tex. Jur.Rev. 589, § 258:

".Where testimony is given showing that other land is so similarly situated as to afford a fair basis of comparison the values of other land in the vicinity, as they appear from the prices obtained for it, may be deposed to in order to show that the witness' estimate of the value of the property in controversy is fair and reasonable."

It may safely be said that no two tracts of land are exactly alike. The question of whether or not they are sufficiently similar to afford a fair and reasonable basis for consideration or shedding light on the value of the land in question is a matter within the sound discretion of the trial court. City of Houston v. Collins, supra; City of Houston v. Pillot, Tex.Civ.App., 73 S.W.2d 585.

Appellant's nineteenth and twentieth points urge that the judgment should be reversed on account of alleged improper argument of counsel for appellee. And that the cumulative effect of all of the prejudicial and inflammatory arguments of appellee's counsel requires a reversal of the judgment. The alleged objectionable arguments are as follows:

"(1) That this should be a warning to other landowners and if they didn't take what was offered, they could just lay down and die.

"(2) That Mrs. Lennox' land would, in effect, be taken from her by being rendered worthless for subdivision lots, but she would still have to pay taxes on it.

"(3) That Mrs. Lennox was old, in bad health and that she had been criticized for not appearing to testify.

"(4) That appellant would be in Court again."

There are a multitude of cases dealing with proper and improper argument in this State. We need not unduly lengthen this opinion by a discussion of these authorities. We think it is well settled that an attorney has a right in argument to discuss the evidence in the case and to make his own deductions as to the facts, so long as they are reasonable and based on the evidence, and in so doing wide latitude is allowed. Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054; McDonald, Texas Civil Practice, § 1304.

The bills of exception reflecting the arguments cover some forty pages of the transcript and show the matters leading up to the statements complained of. The bills show that the court, upon objection, out of abundance of caution, sustained the objections and instructed the jury not to consider the first and fourth statements above set out. We think any harm therefrom was thereby cured. Peden Iron & Steel Co. v. Claflin, Tex.Civ.App., 146 S.W.2d 1062. As the second and third arguments set out above are based upon the evidence in the record, we regard them as legitimate and proper. Moreover, considering these arguments, taken alone or collectively, and considering the record as a whole, such arguments are not such as were calculated to cause or probably did cause the making of any improper finding or the rendition of an improper judgment. Rules 327 and 434, T.R.C.P.

The judgment is affirmed.