**TRAVELERS INSURANCE COMPANY, Appellant,**

v.

**Johnnie Lee ROSE, Appellee.**

**No. 3955.**

Court of Civil Appeals of Texas.

Eastland.

March 26, 1965.

Rehearing Denied April 16, 1965.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Splawn & Maner, Lubbock, for appellee.

COLLINGS, Justice.

Johnnie Lee Rose brought this suit against Travelers Insurance Company. Plaintiff sought to recover benefits under the Workmen's Compensation Act for an injury incurred on March 24, 1963, while he was working as a roughneck in the oil fields as an employee of the F W A Drilling Company. Based upon answers of the jury, judgment was rendered for plaintiff for total temporary incapacity for a period of two hundred and eighty weeks. The Travelers Insurance Company has appealed.

In its first two points appellant contends that the court erred in admitting the testimony of Doyle Price that in his opinion appellee could not obtain and retain employment in the oil fields and testimony by Archie Wellborn that in his opinion appellee could not obtain and retain employment at the usual tasks of a workman. Appellant contends that such testimony invaded the province of the jury and that there was no showing that either of said witnesses was qualified to express such an opinion. These points are not well taken. The evidence shows that appellee Rose had been an oil field roughneck for a period of about 14 years prior to the time of his injury, working on all jobs around the derrick except as a driller and that he had never suffered any injury prior to the one here involved. The witness Doyle Price testified that he was an oil field driller and had worked with appellee as a roughneck from about the middle of 1951 to 1953; that appellee was an industrious worker and had never had any trouble with his back during the time they worked together; that he had had occasion to observe appellee since his injury on May 24, 1963, and observed that he doesn't get around as well as he used to. Price admitted that he did not know how much

money appellee had earned or how many days he had worked since the time of his injury, but testified that based upon his 13 years experience as an oil field worker and his observation of appellee before and after his injury it was his opinion that appellee would not be able to "hold a roughnecking job anymore." The witness Wellborn testified that he had known appellee for about fourteen years and had at times during that period been an employer of appellee; that he had an opportunity to observe appellee both before and after his injury; that appellee was an unusually good worker prior to his injury, but that since his injury he doesn't get around anything like he used to; that he had observed appellee at a ball game in which his son was a participant and that appellee couldn't sit through the whole game but had to be taken home by his wife; that based upon his observation of appellee and experience with work in the oil field it was his opinion that appellee could not obtain and hold a job doing manual labor.

■ It is well settled that a witness, even though not a medical expert, may be competent to express an opinion concerning the physical condition of himself or another. 23 Texas Jurisprudence 2d, Evidence, Section 494. In Sterrett v. East Texas Motor Freight Lines, 150 Tex. 12, 236 S.W.2d 776, it was stated by our Supreme Court as follows:

"We agree with the ruling of the Court of Civil Appeals that the trial court did not err in admitting the testimony of the shop foreman and of the maintenance superintendent of petitioner's employer that, having observed petitioner and his apparent physical condition after his injury, they could not have used him in work under their supervision had he come seeking employment as a new employee."

■ Appellant contends that although it is permissible for a witness to express an opinion concerning his physical condition or that of another it is not permissible for a lay witness to testify that an injured person is unable to procure and retain employment at a certain type of work or at the usual tasks of a workman. We cannot agree with this contention where, as in the instant case, the witness has knowledge of the condition of the injured party and is experienced in the business or type of work involved and knows the physical requirements of the work. Appellant's 1st and 2nd points are overruled.

■ In other points appellant contends that the inclusion of the requirement that appellee must "regularly" earn amounts in order to have an average weekly wage earning capacity in the court's definition of "average weekly wage earning capacity" constituted reversible error. The instruction and definition was given in connection with special issue number 12. That issue inquired concerning the difference between appellee's average wages before his injury and his average weekly wage earning capacity during the existence of his partial incapacity, if any. The issue was submitted conditionally with the instruction that it was to be answered only in the event that the jury found in answer to special issue number 8 that appellee had or would sustain partial incapacity as a natural result of his injury. The jury answered special issue number 8 in the negative and, therefore, in compliance with the court's instruction, did not answer special issue number 12. Since special issue number 12 was not answered by the jury and was not required to be answered the facts inquired about therein formed no basis for the judgment entered and any error in the definition of the term "average weekly wage earning capacity" did not constitute reversible error. Appellant's third and fourth points are overruled.

In appellant's fifth point it is contended that it was reversible error for the court to refuse to grant a new trial because counsel for appellee in the presence of the jury accused appellant's witness Doctor Smith of character assassination of appellee's counsel after the doctor testified why he did not

**320**

send appellee's attorney a medical report. Appellant contends that the statement or comment by appellee's attorney was unjustified, inflammatory and highly prejudicial, and that the court erred in not granting appellant a new trial.

The record shows that appellant's medical witness Dr. Richard D. Smith testified on cross examination that he had failed to send appellee's counsel certain medical reports although furnished with proper authorization from appellee. Doctor Smith was not then asked why the report was not sent and although he indicated a desire to explain why the report was not sent to appellee's counsel such counsel in effect refused to permit the witness to explain such failure. On redirect examination counsel for appellant asked the doctor to explain why the report was not sent and the doctor stated that such failure was on account of appellee's attorney's firm not having paid a past due bill owed to the witness' clinic. The witness finally admitted, however, that the dispute grew out of a prior case and had nothing to do with the case on trial. The trial court thereupon sustained appellee's objection to such testimony and the jury was instructed not to consider it. Appellee's counsel in objecting to the statement of the doctor concerning the nonpayment of a past due bill stated that he was "not going to put up with that type of character assassination." Counsel for appellant objected, stating as follows: "We object to that statement. It is improper. The doctor was asked and assassinated first about not having sent a report."

From the above it is apparent that the hassle between the attorneys and appellant's witness Dr. Smith did not involve a matter which had any bearing on any issue in the case. The trial court so held stating "It is not in the law suit." The language "assassination" or "assassinated" was used by both attorneys. In our opinion no reversible error is shown. We are of the opinion that the error complained of, if any, did not amount to such a denial of the

rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Appellant's point number five is overruled.

The judgment is affirmed.